**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| PATENT GROUP, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:10-cv-00337-TJW |
| | § | |
| ACCENTRA, INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION TO DISMISS

Defendant Accentra, Inc. ("Accentra"), by its attorneys, hereby respectfully moves this Court for an order to dismiss Plaintiff's Complaint pursuant to Rule 9 and Rule 12(b)(6) of the Federal Rules of Civil Procedure, as it fails to effectively state a claim upon which relief may be granted and also fails to properly plead the state of mind required under statue—an intent to deceive. Defendant hereby incorporates its Memorandum of Law in Support of its Motion to Dismiss.

## I.      INTRODUCTION

The Complaint filed by Patent Group, LLC ("Patent Group") is deficient under Rule 12(b)(6) and Rule 9(b) of the Federal Rules of Civil Procedure because its conclusory assertions are insufficient and devoid of facts required to state the putative claims under 35 U.S.C. § 292. Controlling precedent requires dismissal of this action.

## II.      THE COMPLAINT FAILS TO STATE A COGNIZABLE CLAIM

### A.      Stating a Claim Post-*Twombly*

In reviewing a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept all factual allegations in a complaint as true and take them in the light

most favorable to plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (interpreting Fed. R. Civ. P. 8(a)) (internal quotations omitted).  A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* at 545 (alteration in original) (citation omitted).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Id.* As "a formulaic recitation of the elements of a cause of action's elements will not do," Plaintiff's conclusory "formulaic" pleading fails to effectively trigger a Section 292 claim or otherwise comply with Rule 9 of the Federal Rules of Civil Procedure.  *Id.*

## B.  Section 292 False Marking Claims Require an Intent to Deceive

The Federal Circuit recently clarified that two elements must be shown before a false marking claim is effectively stated: (1) the marking of an unpatented article; and (2) an intent to deceive the public.  *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009); *see also Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005) ("We see no reason to interpret the statute differently to render it a statute of strict liability for mismarking.")  Section 292 requires that the accused party act "for the purpose of deceiving the public."  35 U.S.C. § 292; *see also Clontech Labs., Inc.*, 406 F.35 at 1352; *Symbol Techs., Inc. v. Proxim Inc.*, 2002 WL 1459476, at *1 (D. Del. June 25, 2002) ("[C]learly a finding of intent to deceive the public is an essential element of the offense of mismarking.").  "The purpose to

deceive the public is an essential element of the offense, and the burden is upon the plaintiff to establish this purpose as well as the fact that the article is unpatented." *Brose v. Sears, Roebuc*, 455 F.2d 763, 768, n.8 (5th Cir. 1972) (quoting *London v. Everett H. Dunbar Corp.*, 179 F. 506, 509 (1st Cir. 1910)).

### C.      Plaintiff Fails to Allege Facts Required to State a Section 292 Claim

In an apparent attempt to satisfy this critical element of its claim, Plaintiff merely recites an allegation without requisite facts.  Plaintiff alleges in formulaic fashion that the false marking "was done with the intent to deceive the public by, including, but not limited to, misusing its patent rights to extend the terms of its patents and inhibiting competition" because "Defendant could have no reasonable belief that the products identified below were properly marked." Complaint at ¶ 7.

The only putative allegation directed to the essential intent element in plaintiff's complaint is flatly inadequate to state a claim.  "[A]n honest, though mistaken, mismarking of an article would not trigger liability under the statute."  *Clontech Labs., Inc.*, 406 F.3d at 1352. Absent a showing that the false marking was "for the purpose of deceiving the public," no violation of 35 U.S.C. § 292 is stated.  *Arcadia Mach. & Tool, Inc. v. Sturm, Ruger & Co., Inc.*, 786 F.2d 1124, 1125 (Fed. Cir. 1986).

Plaintiff's allegation not only runs afoul of *Twombly*, it expressly alleges a basis insufficient to trigger a Section 292 claim.  Plaintiff's conclusory allegation has been specifically held insufficient to properly plead an intent to deceive.  These "knew or should have known" allegations do not state a claim for an intent to deceive as required under the statute.  *See Mayview Corp. v. Rodstein*, 620 F.2d 1347, 1359 (9th Cir. 1980).  Moreover, this singular, conclusory allegation is not "plausible on its face" as required by Supreme Court precedent.

*Twombly*, 551 U.S. at  570.

Aside from conclusory allegations, Plaintiff pleads no facts that Accentra intended to deceive the public.  Plaintiff fails to provide any detail about who allegedly knew of the patent expiration or who knew that the expired patent markings were present on the product.  A "Defendant's knowledge of the limited duration of patents and the actual expiration of the patents do not create an inference that Defendant knew that the patents at issue actually expired." *Hollander v. Etymotic Research, Inc.*, 2010 WL 2813015, at *6 (E.D. Pa. July 14, 2010).  "Mere knowledge that a marking is false is insufficient to prove intent if [defendant] can prove that it did not consciously desire the result that the public be deceived."  *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1363 (Fed. Cir. 2010).

Dismissal is appropriate when a pleading offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 551 U.S. at 555.  Plaintiff's formulaic allegation on the critical element of Plaintiff's claim now requires dismissal of the Complaint. This "lack of reasonable belief" assertion is wholly inadequate to trigger Section 292.  Indeed, Plaintiff's deficient pleading comes nowhere close to satisfying the threshold pleading requirements for fraud now required by *Twombly* and its progeny.

## III.   DISMISSAL IS SEPARATELY REQUIRED UNDER RULE 9(b)

Dismissal is also required under Rule 9(b) of the Federal Rules of Civil Procedure because Plaintiff fails to allege sufficient facts to support the allegedly wrongful intent.  That is, Plaintiff's allegations not only fail to trigger 35 U.S.C. § 292, it also fails to comply with Rule 9(b).

Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and

other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b).  Rule 9(b) serves to give defendants "notice of the claims against them, provide an increased measure of protection for their reputations, and reduce the number of frivolous suits brought solely to extract settlement."  *In re Suprema Specialties, Inc. Securities Litigation*, 438 F.3d 256, 270 (3rd Cir. 2006).   When pleading an intent to deceive, "a party must state with particularity the circumstances constituting fraud or mistake."  *Acquis LLC v. Appro Int'l, Inc.*, 2010 WL 3155259, at *1 (E.D. Tex. July 22, 2010).

To satisfy Rule 9(b), a plaintiff must plead: "(1) a specific false representation [or omission] of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his [or her] damage." *Suprema Specialties*, 438 F.3d at 270 (quoting *Shapiro v. UJB Financial Corp.*, 438 F.3d 272, 284 (3d Cir. 1992)).   However, courts have recognized that a relaxed Rule 9(b) standard may apply when "essential information lies uniquely within another party's control."  *Exergen Corp. v. Wal-Mart Stores*, Inc., 575 F.3d 1312, 1330 (Fed. Cir. 2009).  A plaintiff may plead based upon information and belief, "but only if the pleading sets forth the specific facts upon which the belief is reasonably based." *Id.* at 1330-31.  Hence, even under this relaxed standard, "boilerplate and conclusory allegations will not suffice," and plaintiffs have an obligation to "accompany their legal theory with factual allegations that make their theoretically viable claim plausible."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3rd 1997).

This required specificity in pleading fraud is particularly rigorous in false-marking cases.

> The bar for proving deceptive intent here is **particularly high**, given that the false marking statute is a criminal one, despite being punishable only with a civil fine. Because the statute requires that the false marker act "for the purpose of deceiving the public," a purpose of deceit, rather than simply knowledge that a statement if false is required. 35 U.S.C. § 292(a). As the Supreme Court has explained in distinguishing the mental states of "purpose" and "knowledge" in criminal statutes, "a person who causes a particular result is said to act purposefully if he consciously desires that result, whatever the likelihood of that result happening from its conduct, while he is said to act knowingly if he is aware that that result is practically certain to follow from this conduct, whatever his desire may be as to that result." Thus, mere knowledge that a marking is false is insufficient to prove intent if [defendant] can prove that it did not consciously desire the result that the public be deceived.

*Id.* at 1363 (emphasis added) (citations omitted) (quoting *United States v. Bailey*, 444 U.S. 394, 404, (1980)).

The overwhelming trend among federal courts—particularly all recent cases—is to apply Rule 9(b)'s pleading requirements in false marking cases.[1]  *See, e.g.*, *Herengracht Group LLC v. Wm. Wrigley Jr. Co.*, Case No. 10-21784-CIV-GOLD/MCALILEY, slip op. at 11 (S.D. Fla. Sept. 16, 2010) (dismissing Federal *qui tam* mismarking claim for failure to properly plead intent); *McNamara v. Natural Organics*, 2010 WL 3521850 (N.D. Ill.) ("That statute invalidates false patent marking 'for the purpose of deceiving the public'—a quintessential claim of fraud, with its tightened standard of pleading.'"); *Shizzle Pop, LLC v. Wham-o, Inc.*, 2010 WL 3063066, at *4 (C.D. Cal. Aug. 2, 2010) (granting motion to dismiss false marking suit for failing to plead sufficiently intent to deceive); *Hollander*, 2010 WL 2813015, at *7 (E.D. Pa. July 14, 2010) (granting motion to dismiss because plaintiff failed to plead sufficient facts of

---

[1] In *Promote Innovation, LLC v. RanBaxy Labs., Inc.*, 20110 WL 3120040, at *203 (E.D. Tex. June 14, 2010), the Court recommended against application of Rule 9(b) and relied on *Astec Am., Inc. v. Power-One, Inc.*, 2008 WL 1734833 at *12 (E.D. Tex. April 11, 2008).  Notably, *Astec* was decided well before the overwhelming consensus among federal court that Section 292 claims are held to a heightened pleading standard under Rule 9(b).

intent to deceive to meet Rule 9(b)'s pleading requirements); *Advanced Cartridge Technologies, LLC v. Lexmark Int'l, Inc.*, 2010 WL 2640137, at *2 (M.D. Fla. June 30, 2010) (granting motion to dismiss false marking claim because plaintiff failed to plead the factual particulars with the specificity required under Rule 9); *Simonian v. Cisco Sys., Inc.*, 2010 WL 2523211, at *4 (N.D. Ill. June 17, 2010) (granting motion to dismiss the false marking claim because the plaintiff failed to plead sufficient facts under Rule 9(b) to show an intent to deceive where the plaintiff failed to prove facts showing the patentee's knowledge of the false marking); *Thong v. Pil, LLC*, 2010 WL 1541304, at *3 (N.D. Ill. April 14, 2010) (granting defendant's motion to dismiss false marking patent claim due to failure to plead factual and plausible grounds to reasonably infer an intent to deceive). "[F]alse marking is only actionable where there is 'an intent to deceive.' Therefore, a claim brought under 35 U.S.C. § 292 'is a fraud-based claim.' . . . subject to the heightened pleading requirements of Rule 9(b)." *Simonian*, 2010 WL 2523211, at *3 (quoting *Forest*, 590 F.3d at 1300; *Juniper Networks v. Shipley*, 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009)). Intent to deceive, while subjective in nature, is established by objective criteria. *Clontech Labs, Inc.*, 406 F.3d at 1352.

Plaintiff does not even colorably address the requirements of Rule 9(b). The conclusory allegation regarding the lack of a "reasonable belief that the products" were properly marked fails to offer any of the specifics related to intent required under Rule 9(b) and the majority rule among federal courts. Indeed, Plaintiff fails to plead both knowledge and intent. Accordingly, Plaintiff's complaint is subject to dismissal under Rule 9(b).

## IV.    CONCLUSION

Controlling U.S. Supreme Court and Federal Circuit precedent precludes Plaintiff's reliance upon its conclusory allegations in its Complaint. Accordingly, Accentra respectfully

requests dismissal of the Complaint under Rule 12(b)(6) and/or Rule 9(b) of the Federal Rules of Civil Procedure.

Dated: November 11, 2010

Respectfully submitted,

ANDY TINDEL
Texas Bar No. 20054500

PROVOST UMPHREY LAW FIRM, LLP
112 E. Line Street, Suite 304
Tyler, Texas 75702
Tel:  903.596.0900
Fax:  903.596.0909
Email: atindel@andytindel.com


Joseph F. Posillico, Esquire
*Pro Hac Vice Pending*
Frank T. Carroll, Esquire
*Pro Hac Vice Pending*
Edward L. Brant, Esquire
*Pro Hac Vice Pending*

FOX ROTHSCHILD LLP
2000 Market St., 20th Floor
Philadelphia, PA 19103-3222
Tel:     215.299.2902
Fax:     215.299.2150

*Attorneys for Defendant, Accentra, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per E. Dist. Tex. Loc. Ct. R. CV-5(a)(3) on the 11th day of November, 2010.  Any other counsel of record will be served via facsimile transmission and first class certified mail, return receipt requested.

ANDY TINDEL